IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN ABEL BACA, )
)
                 Petitioner, )
)
v. ) Case No. 25-3142-JWL
)
Warden, FCI-Leavenworth, )
)
                 Respondent. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the calculation of credits against his sentence. For the reasons set forth below, the Court **denies** the petition.

Petitioner is imprisoned within this judicial district, serving a 30-month sentence imposed in August 2024. He has a projected release date of September 1, 2026, but the Bureau of Prisons (BOP) has determined that he could be eligible for release as early as March 2026 if he continues to earn credits at his present rate. By his petition, petitioner claims that the BOP has improperly assessed credits that he has earned for programs that he has completed, which error affects his eligibility for transfer to prerelease custody, and he seeks recognition of his credits and immediate release to pre-release custody (a residential reentry center (RRC) or home confinement). The Court set deadlines of August 21, 2025, and September 22, 2025, for respondent's answer and petitioner's traverse, respectively. Respondent timely filed an answer, but petitioner has not filed any traverse

or reply brief. Because petitioner's deadline has long since passed, the matter is ripe for ruling.

First, the petition is subject to dismissal because of a failure to exhaust. Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner states that he has petitioned the warden and regional office and not received relief; respondent, on the other hand, has submitted evidence that petitioner has not filed any administrative grievance. Either way, petitioner concedes that he has not completed the required process to exhaust his administrative remedies, as he argues that that failure should be excused. Petitioner notes that there is a futility exception to the exhaustion requirement, and he states that exhaustion should be excused here because the BOP's actions violated statutory or constitutional rights, the administrative procedures are inadequate to prevent irreparable harm, and exceptional circumstances of peculiar urgency exist.

It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner has not explained how exhaustion would be futile in this case, however; nor has he explained why any particular urgency exists here. Moreover, as this Court has often noted, the futility exception is not satisfied merely because exhaustion cannot be completed by the release date that would apply if a petitioner received claimed credits, *see Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021

WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.). Thus, petitioner has not provided a basis for excusing his failure to exhaust in this case.

Moreover, petitioner has not shown that he is entitled to relief on the merits of his petition. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits). Habeas corpus relief may be appropriate under Section 2241 if a prisoner shows that he is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). Petitioner claims that the BOP has misapplied or miscalculated his credits, but he has provided no detail or explanation about how the BOP's calculations are incorrect. Moreover, respondent has submitted evidence that the BOP has applied all credits earned by petitioner to his sentence calculations; that petitioner was evaluated for discretionary transfer to an RRC, which transfer was then recommended based on that evaluation; and that petitioner was in fact approved and designated for RRC placement starting October 6, 2025. Thus, petitioner has not shown any violation of federal law with respect to his confinement or calculated release date, and accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 15th day of October, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

3